## PEOPLE *v.* GOOLSBY.

1. ASSAULT AND BATTERY—AGGRAVATED ASSAULT.

Statute providing that any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon, but without intending to commit murder and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony defines and penalizes an aggravated assault (Act No. 328, § 82, Pub. Acts 1931).

2. WEAPONS—CLASSIFICATION.

Some weapons carry their dangerous character because so designed and are, when employed, *per se* deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose.

3. SAME—DANGEROUS WEAPONS—ASSAULTS.

The character of dangerous weapon attaches by adoption when the instrument is applied to use against another in furtherance of an assault.

4. SAME—AUTOMOBILES AS DANGEROUS WEAPONS—FELONIOUS AS-SAULT.

An instrumentality, such as an automobile, which is adapted to accomplishment of an assault and capable of inflicting serious injury is, when so employed, a dangerous weapon within statute penalizing felonious assault (Act No. 328, § 82, Pub. Acts 1931).

5. STATUTES—CONSTRUCTION OF PENAL STATUTES.

Construction of a penal statute requires consideration of the evil sought to be penalized.

6. CRIMINAL LAW—FELONIOUS ASSAULT—AUTOMOBILE AS DANGEROUS WEAPON—EJUSDEM GENERIS.

Evil sought to be penalized by felonious assault statute was that of assault, aggravated by use of dangerous weapons and enumeration of certain instrumentalities did not exclude other potentially dangerous weapons such as automobiles where phrase "other dangerous weapons" was appended to such enumeration; the doctrine of *ejusdem generis* being inapplicable to restrict "other dangerous weapons" to the same character, class or kind as those enumerated where it is apparent the legislature intended to go further (Act No. 328, § 82, Pub. Acts 1931).

7. ASSAULT AND BATTERY—STATUTES.

In construing statute defining and penalizing an aggravated assault the court ascertains legislative intent and purpose from terms employed (Act No. 328, § 82, Pub. Acts 1931).

8. JURY—WAIVER IN CRIMINAL CASE—OPPORTUNITY TO CONSULT COUNSEL.

Defendant, charged with felonious assault, who had counsel at time of arraignment, whose request for appointment of attorney after case was set for trial was investigated and denied, could properly execute written waiver of jury trial as he was then without counsel, opportunity to consult his counsel being required only where he has counsel to consult (3 Comp. Laws 1929, § 17131; Act No. 328, § 82, Pub. Acts 1931).

9. AUTOMOBILES—AGGRAVATED ASSAULT.

Conviction of motorist for felonious assault where he was stopped by an officer, told officer to get out of way and without noticing whether officer did or not started across intersection of streets against signal and orders of officer, car knocked officer down and ran over his foot *held*, not error under statute penalizing "assault with a dangerous weapon" (Act No. 328, § 82, Pub. Acts 1931).

Appeal from Genesee; Black (Edward D.), J. Submitted April 14, 1938. (Docket No. 137, Calendar No. 39,970.) Decided June 6, 1938.

George T. Goolsby was convicted of a felonious assault. Affirmed.

*Louis J. Cohen* and *Walter Kuta,* for respondent.

*Raymond W. Starr,* Attorney General, and *Joseph R. Joseph,* Prosecuting Attorney, for the people.

WIEST, C. J. The Michigan penal code, Act No. 328, chap. 11, § 82, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115-82, Stat. Ann. § 28.277), defines felonious assault as follows:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

An information under this statute charged defendant with a felonious assault upon Ferdinand Banta "with a dangerous weapon, to-wit: an automobile," and he was tried, convicted and sentenced.

Defendant prosecutes review, and contends that an automobile is not a dangerous weapon within the meaning of that statute.

We state the agreed facts. Ferdinand Banta was a police officer on traffic duty in the city of Flint. Defendant, when asked by the officer to stop, got out of his automobile, used some profanity to the officer, got back into his automobile and, against the wishes of the officer, he deliberately stepped on the gas and told the officer to get out of the way. Without noticing whether the officer did or did not get out of the way, he started across the intersection of the streets, against the signal and against the orders of the officer. The automobile struck the officer, knocked

him down and the left rear wheel of the automobile ran over his right foot at the instep, but without breaking any bones.

The statute defines and penalizes an aggravated assault. Some weapons carry their dangerous character because so designed and are, when employed, *per se,* deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon.

It has been held an assault and battery to ride over another with a horse. *State* v. *Sims,* 3 Strob. (S. C.) 137. See, also, *Mortin* v. *Shoppee,* 3 Carr. & P. 373 (172 Eng. Rep. 462); also driving a cart against a wagon and thereby causing injury, *People* v. *Lee,* 1 Wheel. Crim. Cas. (N. Y.), 364. In *Williamson* v. *State,* 92 Fla. 980 (111 South. 124, 53 A. L. R. 250), it was held that an automobile may be so used as to constitute a deadly weapon within the meaning of an aggravated assault. To like effect, see *People* v. *Clink,* 216 Ill. App. 357; *People* v. *Anderson,* 229 Ill. App. 315; *People* v. *Benson,* 237 Ill. App. 467.

Counsel for defendant concede: "that there are any number of instrumentalities which may technically be considered as dangerous weapons, depending on the mode in which they are used and that further, an automobile may be such an instrumentality;" but contend that the statute in this case restricts dangerous weapons to the same type and kind

as enumerated in the statute, and an automobile does not come within that classification.

This involves the doctrine of *ejusdum generis.* Construction or interpretation of a penal statute requires consideration of the evil sought to be penalized. The evil, under legislative consideration, was that of assaults, aggravated by use of dangerous weapons and, expressive of such purpose, certain instrumentalities were mentioned, not to the exclusion of other potentially dangerous weapons, but inclusion thereof by the omnibus term "or other dangerous weapon." The language, so employed, cannot, considering the purview of the enactment, be read as though written "or other dangerous weapons of like character, class or kind."

In *People* v. *Gogak,* 205 Mich. 260, defendant was convicted of carrying a concealed weapon, not specifically mentioned in the statute. The statute there involved (3 Comp. Laws 1915, § 15236) specifically mentioned certain weapons, and added "or other offensive and dangerous weapons or instruments concealed upon his person."

In sustaining the conviction and refusing to apply the doctrine of *ejusdem generis,* this court said:

"We think it clearly appears that the legislature here intended to go further than the specific things that are mentioned in the statute, and meant to embrace all 'other offensive and dangerous weapons or instruments concealed upon his person.' It is manifest that there may be many offensive and dangerous weapons or instruments falling within the scope and spirit of this statute other than those specifically mentioned."

See, also, *People* v. *Gould,* 237 Mich. 156.

The legislative intent is fairly ascertainable from the declared purpose and the language of the enactment controls, and the court, in an endeavor to ascertain such intent and purpose from terms employed, should be circumspect.

The doctrine invoked in exculpation is untenable.

Another point urged is that defendant could not waive a trial by jury without counsel.

When arraigned defendant had an attorney. After a lapse of several months the case was set for trial and then defendant requested the court to appoint an attorney. Upon investigation the court declined to do so, and defendant, in open court, signed a written waiver of a determination of the facts by a jury, and elected to be tried before the court without a jury, as provided by 3 Comp. Laws 1929, § 17131 (Stat. Ann. § 28.856), and was so tried and convicted.

That statute provides:

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

When arraigned in September, 1937, defendant had counsel of his own selection but, on January 11, 1938, he appeared for trial without counsel and, upon refusal of the court to appoint counsel, he stood upon the plea of not guilty and, in his own proper person, waived trial by jury. After arraignment, and before signing the waiver, defendant had opportunity to consult his counsel. It does not appear when his counsel withdrew from the case. It was not necessary for the court to appoint counsel for defendant before execution of the waiver. A defendant, without counsel, may execute a waiver but, if he has counsel, then, after arraignment and before waiver, he must have opportunity to consult his counsel.

The record discloses no error. Conviction affirmed.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.