PEOPLE v BUFORD

1. ASSAULT AND BATTERY—FELONIOUS ASSAULT—AGGRAVATED AS-
   SAULT—SIMPLE ASSAULT—DANGEROUS WEAPONS—STATUTES.
   The characteristic which distinguishes felonious assault from
   aggravated assault and simple assault is that the assault in a
   felonious assault is committed with a dangerous weapon
   (MCLA 750.81, 750.81[a], 750.82; MSA 28.276, 28.276[1], 28.277).

2. CRIMINAL LAW—STATUTORY CONSTRUCTION.
   Criminal statutes are to be strictly construed.

3. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DANGEROUS WEAP-
   ONS—ENUMERATED WEAPONS—STATUTES.
   The phrase "or other dangerous weapons" which appears in the
   felonious assault statute immediately after a listing of certain
   items as dangerous weapons has been construed by the Su-
   preme Court to mean that objects not normally considered to
   be weapons may be considered dangerous weapons within the
   felonious assault statute if they are used in a dangerous man-
   ner (MCLA 750.82; MSA 28.277).

4. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DANGEROUS WEAP-
   ONS—STATUTES.
   The Michigan appellate courts have held the following to be
   dangerous weapons for purposes of the felonious assault stat-
   ute: an automobile, a broomstick, a flashlight, and lighter fluid
   (MCLA 750.82; MSA 28.277).

5. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DANGEROUS WEAP-
   ONS—BOOTS—NATURE OF FOOTWEAR—MANNER OF USE—SEVER-
   ITY OF INJURIES—STATUTES.
   A boot may be used as a dangerous weapon; and, the courts,

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 2-7.
[2] 21 Am Jur 2d, Criminal Law §§ 13, 17.
[3, 4, 6] 6 Am Jur 2d, Assault and Battery § 53.
   79 Am Jur 2d, Weapons and Firearms §§ 1, 2.
[5] 79 Am Jur 2d, Weapons and Firearms § 2.
   Kicking as aggravated assault, or assault with dangerous or deadly
   weapon. 33 ALR3d 922.
[7] 6 Am Jur 2d, Assault and Battery § 48.

when determining whether a booted foot is a dangerous weapon within the felonious assault statute, should look at the nature of the footwear, the manner in which the boot was used to injure the victim, and the severity of the injuries received by the victim (MCLA 750.82; MSA 28.277).

6. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DANGEROUS WEAP-ONS—JURY QUESTIONS—STATUTES.

It is a question for the jury, as the finder of fact, to determine whether a boot was in fact used as a dangerous weapon under the felonious assault statute (MCLA 750.82; MSA 28.277).

7. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DANGEROUS WEAP-ONS—INSTRUCTIONS TO JURY.

Instructions to the jury that a boot was neither a dangerous weapon per se nor incapable of being a dangerous weapon were correct where a defendant was charged with felonious assault for severely injuring a victim by kicking the victim with a booted foot.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted April 6, 1976, at Lansing. (Docket No. 24590.) Decided May 18, 1976.

Phillip A. Buford was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Richard P. King,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was convicted by a jury of felonious assault. MCLA 750.82; MSA 28.277. He received a sentence of 2-1/2 to 4 years in prison. Defendant appeals as of right.

The defendant's only claim of error on appeal is

that the trial court erred in submitting the issue of what constitutes a dangerous weapon to the jury. It is the defendant's contention that as a matter of law a boot cannot be a dangerous weapon within the meaning of the felonious assault statute. *Wilson v State,* 162 Ark 494; 258 SW 972; 33 ALR 1182 (1924). The people concede that a boot is not legally a dangerous weapon, but they argue that a boot can be used as a dangerous weapon in certain situations. *United States v Barber,* 297 F Supp 917, 922–923 (D Del 1969), accord, *People v Goolsby,* 284 Mich 375, 378; 279 NW 867 (1938).

At trial evidence was produced indicating that the defendant struck the victim with his fists and knocked him to the floor. Then the defendant proceeded to "stomp" on the victim's face several times with his booted feet rendering him unconscious. Further testimony revealed that the victim remained unconscious for several hours; spent four or five days in the hospital; and was off work for approximately three weeks as a hospital administrator.

The characteristic which distinguishes felonious assault from aggravated assault, MCLA 750.81a; MSA 28.276(1), and simple assault, MCLA 750.81; MSA 28.276, is that the assault in a felonious assault is committed with a dangerous weapon. *People v Richard Johnson,* 42 Mich App 544, 546; 202 NW2d 340 (1972). The felonious assault statute defines certain items as dangerous weapons.[1] In addition, the Legislature, realizing that it could not reasonably foresee every type of implement that could be used as a dangerous weapon and not wishing to exclude any, included an omnibus

[1] The statute lists guns, revolvers, pistols, knives, iron bars, clubs and brass knuckles as dangerous weapons. MCLA 750.82; MSA 28.277.

phrase "or other dangerous weapon" in the statute.

It is a given rule of statutory construction that criminal statutes are to be strictly construed. *People v Goulding,* 275 Mich 353, 358–359; 266 NW 378 (1936), *People v Lee,* 66 Mich App 5, 10; 238 NW2d 397 (1975). In line with this principle the defendant argues that under the doctrine of *ejusdem generis* the phrase "or other dangerous weapon" should be construed to mean "or other dangerous weapon designed as a weapon".

However, the Supreme Court has rejected this construction of the phrase. *People v Goolsby, supra* at 379. In that case the Court stated that the enumerated weapons in the statute were to be considered per se dangerous, but that other objects could be considered to be dangerous weapons within the felonious assault statute if they were used in a dangerous manner. *People v Goolsby, supra* at 378. Consequently, even if we were disposed to accept the defendant's argument on this point, we are bound by a Supreme Court holding to the contrary. *Ferguson v Gonyaw,* 64 Mich App 685, 694; 236 NW2d 543 (1975). The only question left for us to review then is whether we can say that a boot by its very nature, as a matter of the law, can never be used as a dangerous weapon.

The appellate courts of this state have not confronted this precise issue before. We have held that an automobile may be a dangerous weapon, *People v Goolsby, supra* at 378–379; just as we have stated that a broomstick may be. *People v Knapp,* 34 Mich App 325, 333–334; 191 NW2d 155 (1971). We have also held a flashlight may be a dangerous weapon, *People v Ragland,* 14 Mich App 425, 426–427; 165 NW2d 639 (1968), as well as lighter fluid. *People v Morgan,* 50 Mich App 288, 292–293; 213 NW2d 276 (1973).

These objects though bear a totally different relationship to a person than does a boot. A boot is an item of wearing apparel and, as such, is more of an extension of, or part of, a person's body than for example, a broomstick. For this reason, we must reject any reliance by analogy on the cases cited in the previous paragraph.

Since the case law of Michigan fails to provide us with any firm guidance in answering this question, we now turn to an examination of how our sister-state appellate courts have resolved this issue. In analyzing the cases from other jurisdictions, we have been careful to note the variations in the relevant statutory language. See, *e.g.,* Alas Stat 11.15.220, Ark Stat Ann 41:1601(a), *replacing* 41:605, Cal Penal Code 245(a), Fla Stat Ann 784.021(1)(a), Minn Stat Ann 609.225(2), NY Penal Law 120.10(1), Okla Stat Ann 21:645.

Our research has discovered only two jurisdictions that have ruled that an assault with a booted foot cannot be an assault with a dangerous weapon. *Wilson v State,* [Ark] *supra, Reed v Commonwealth,* 248 SW2d 911 (Ky App, 1952). On the other hand, we have been unable to discover any jurisdictions which hold that an assault with a booted foot is always an assault with a dangerous weapon. See Annotation: *Kicking as Aggravated Assault, or Assault with Dangerous or Deadly Weapon,* 33 ALR3d 922, 924–925.

By far the majority of states that have considered the question have held that in certain circumstances a booted foot may be a dangerous weapon. In determining if a booted foot is a dangerous weapon within the statute, the courts have looked at the nature of the footwear and the manner in which the boot was used to injure the victim. *Berfield v State,* 458 P2d 1008, 1009 (Alas, 1969),

*People v Rumaner,* 45 App Div 2d 290, 292; 357 NYS2d 735, 737 (1974), *Orrill v State,* 509 P2d 930, 931–932 (Okla Crim App, 1973). They also take into account the severity of the injuries received by the victim. *State v Born,* 280 Minn 306, 307; 159 NW2d 283, 284; 33 ALR3d 919 (1968), *Orrill v State, supra* at 932.

We agree with the majority of our sister states that a boot may be used as a dangerous weapon. Since it can be a dangerous weapon, whether it was in fact used as a dangerous weapon is a question for the jury to determine as the finder of fact. *People v Ragland, supra* at 426. The trial court was correct in instructing the jury that the boot was neither a dangerous weapon per se nor incapable of being a dangerous weapon.

Affirmed.