PEOPLE v VanDIVER

1. Assault and Battery—Simple Assault—Aggravated Assault—
   Felonious Assault—Dangerous Weapons—Statutes.

   The misdemeanors, simple assault and aggravated assault, are
   distinguished from the felonies of assault with intent to do
   great bodily harm less than murder and assault with intent to
   murder by the actor's intended result; felonious assault is
   distinguished from simple assault and aggravated assault by
   the use of a dangerous weapon in the perpetration of the
   assault (MCLA 750.82; MSA 28.277).

2. Assault and Battery—Simple Assault—Aggravated Assault—
   Felonious Assault—Dangerous Weapons—Use of Bare
   Hands—Statutes.

   The use of bare hands does not constitute the use of a deadly
   weapon within the meaning of the felonious assault statute;
   instead, an assault with bare hands without a specifically
   intended result is to be treated as one without a weapon and is
   to be prosecuted as either a simple assault and battery or as an
   aggravated assault (MCLA 750.82; MSA 28.277).

3. Assault and Battery—Aggravated Assault—Felonious As-
   sault—Legislative Intent—Separate Statutes.

   The Legislature intended that the statutes on aggravated assault
   and assault with a dangerous weapon should be separate and
   distinct statutes (MCLA 750.81a, 750.82; MSA 28.276[1], 28.277).

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted November 7, 1977, at Lansing. (Docket
No. 31202.) Decided December 22, 1977.

References for Points in Headnotes

[1, 2] 6 Am Jur 2d, Assault and Battery §§ 48–55.
Intent to do physical harm as essential element of crime of assault
with deadly or dangerous weapon. 92 ALR2d 635.
Kicking as aggravated assault, or assault with dangerous or deadly
weapon. 33 ALR3d 923.
[3] 6 Am Jur 2d, Assault and Battery § 7.

Jerry VanDiver was convicted of felonious assault. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, Chief of Appellate Division, for the people.

*Richard B. Ginsberg,* for defendant on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

C. L. BOSMAN, J. Defendant was charged with felonious assault, MCLA 750.82; MSA 28.277. On April 18, 1975, a jury found defendant guilty as charged and on May 2, 1975, he was sentenced to a term of 2 years and 8 months to 4 years imprisonment. He now appeals by right and we reverse.

The charge in this case arose out of events occurring on September 8, 1974. The complainant Angela Bowen, a 3-year-old girl had been playing with Kimberly Owens, a 7-year-old girl, outside of the apartment complex where they both lived. A man, identified as defendant, approached the girls and told Kimberly Owens that her mother wanted him to take the girls home. Defendant walked both girls inside the apartment building and down the steps to the basement at which point he grabbed them and shoved them inside a dark room. Defendant placed his hand around Kimberly's mouth and nose so that she could not breathe and with his other hand held the complainant. He told both girls to be quiet or he would kill them. The two girls struggled and complainant succeeded in freeing herself from defendant's grasp, kicking the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

door down, and running into the hallway. Defendant pursued and Kimberly promptly escaped and found her parents.

Defendant was subsequently apprehended. At trial, Kimberly testified that he had not had a knife, gun, or other weapon. Neither child bore any marks of physical injury; however, Kimberly was hysterical for several days after the incident.

Defendant's main contention of error is that he should not have been charged with felonious assault because the use of bare hands does not constitute a deadly weapon within the meaning of the statute. MCLA 750.82; MSA 28.277. This statute provides:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

The Michigan Supreme Court has ruled that the statute is not restricted to weapons of the same type and kind enumerated in the statute. *People v Goolsby,* 284 Mich 375, 378–379; 279 NW 867, 869 (1938). In determining if a weapon can be classified as dangerous for purposes of the statute, the Court ruled:

"Some weapons carry their dangerous character because so designed and are, when employed, *per se,* deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the

purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon." *Id.* at 378; 279 NW at 868–869.

Under this test, this Court has ruled that many items may be dangerous weapons,[1] including a booted foot. *People v Buford,* 69 Mich App 27; 244 NW2d 351 (1976). We have not had occasion, however, to determine if a bare hand can constitute a dangerous weapon.

Courts in other jurisdictions have ruled on this issue while construing their own statutes and have reached various results—some courts have held that a bare hand or fist can never be classified as a dangerous or deadly weapon,[2] while others have held or inferred that under the proper circumstances a hand can become a dangerous weapon; however, it is not dangerous per se.[3] It is this Court's opinion that, while these decisions are worth noting, they offer very little guidance in resolving the instant case. Instead, we believe that the answer lies in an examination of Michigan's various laws dealing with assault.

[1] A boot *(People v Buford,* 69 Mich App 27; 244 NW2d 351 [1976]); an automobile *(People v Blacksmith,* 66 Mich App 216; 238 NW2d 810 [1975]); a chair *(People v Sanders,* 58 Mich App 512; 228 NW2d 439 [1975]); a pool cue *(People v Bates,* 55 Mich App 1; 222 NW2d 6 [1974]); lighter fluid *(People v Morgan,* 50 Mich App 288; 213 NW2d 276 [1973]); a broom stick *(People v Knapp,* 34 Mich App 325; 191 NW2d 155 [1971]); a beer bottle *(People v Kildow,* 19 Mich App 194; 172 NW2d 492 [1969]); and a flashlight *(People v Ragland,* 14 Mich App 425; 165 NW2d 639 [1968]).

[2] *Berfield v State,* 458 P2d 1008 (Alas, 1969), *Dickson v State,* 230 Ark 491; 323 SW2d 432 (1959), *Johnsen v State,* 249 So 2d 452 (Fla App, 1971), *Williams v State,* 127 Ga App 386; 193 SE2d 633 (1972), *State v Calvin,* 209 La 257; 24 So 2d 467 (1945), *Bean v State,* 77 Okla Crim 73; 183 P2d 563 (1943), *State v Hariott,* 210 SC 290; 42 SE2d 385 (1947).

[3] *Gonns v United States,* 231 F2d 907 (CA 10, 1956) (Construing California Penal Code, § 245), *State v Gillespie,* 336 SW2d 677 (Mo, 1960).

Michigan has at least ten statutes relating to assault upon private persons; among these are "Assault and simple assault", MCLA 750.81; MSA 28.276, and "Assault and infliction of serious injury" (commonly referred to as aggravated assault), MCLA 750.81a; MSA 28.276(1), both misdemeanors, and "Assault with intent to do great bodily harm less than murder", MCLA 750.84; MSA 28.279, and "Assault with intent to commit murder", MCLA 750.83; MSA 28.278, both felonies. None of these four statutes require that the actor perpetrate the assault with a dangerous weapon. Bare hands are sufficient. What distinguishes the misdemeanors, simple assault and aggravated assault, from the felonies, assault with intent to do great bodily harm less than murder and assault with intent to murder, is the actor's intended result. What distinguishes felonious assault, MCLA 750.82; MSA 28.277, from simple assault and aggravated assault is the use of a dangerous weapon in the perpetration of the assault.

"The evil, under legislative consideration, was that of assaults, aggravated by use of dangerous weapons and, expressive of such purpose, certain instrumentalities were mentioned, not to the exclusion of other potentially dangerous weapons, but inclusion thereof by the omnibus term 'or other dangerous weapon.'" *People v Goolsby, supra,* p 379.

It is this Court's belief that this distinction based on the use of a weapon evidences a legislative intent that bare hands were not to be included as a dangerous weapon. Instead, an assault with bare hands without a specifically intended result is to be treated as one without a weapon and is to be prosecuted as either a simple assault and battery or as an aggravated assault.

If we were to rule that bare hands could be a dangerous weapon, it would lead to anomalous results, for practically every assault that would qualify as an aggravated assault, MCLA 750.81a; MSA 28.276(1), would also be capable of prosecution as an assault with a dangerous weapon, MCLA 750.82; MSA 28.277. It is our belief that the Legislature did not contemplate this result but instead intended that the statutes should be distinct and separate. To fulfill the Legislature's intent, it is our opinion that the term "dangerous weapon" cannot be construed to include the bare hand.

Defendant's conviction is reversed.