Willie JONES, III *v.* STATE of Arkansas

CR 87-2                                              729 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine, III*, Deputy Public Defender, by: *Donald K. Campbell, III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Willie Jones III was convicted and sentenced to 40 years for aggravated robbery and theft of property. On appeal he argues that the evidence does not support his conviction for aggravated robbery. He asks that the conviction be reduced to robbery and the judgment modified accordingly. See *Fairchild* v. *State*, 269 Ark. 273, 600 S.W.2d 16 (1980).

Appellant's argument that there was insufficient proof that a deadly weapon was used to effect the robbery is wholly without merit.

Charles Michael Downen testified that while he was removing change from coin operated car washing machines he received a "powerful blow" from behind. He turned to see the appellant wielding a five foot iron pipe like a batter. Downen took a step toward the appellant, who swung toward his head and said "come on, come on." When Downen paused, appellant told his companion to grab the money bag, which was done. Appellant held Downen at bay a moment as the other man ran with the money, then threw the pipe at Downen. The pipe struck Downen's left hand, breaking his thumb and causing him to fall to the ground. The two were later arrested with a third individual whose car was used in the escape.

Aggravated robbery occurs when a robbery is committed by an individual armed with a deadly weapon. Ark. Stat. Ann. § 41-2102 (Repl. 1977). A deadly weapon is anything that in its manner of use is capable of causing death or serious physical injury. Ark. Stat. Ann. § 41-115(4)(b) (Repl. 1977). It can hardly be doubted that a five foot length of iron pipe is capable of causing death or serious injury. One well placed blow would suffice. A number of articles less lethal than iron pipe have been held to be deadly weapons: a flashlight (*Jackson* v. *State*, 214 Ark. 194, 215 S.W.2d 148 [1948], *People* v. *Buford*, 244 N.W. 351, 69 Mich. App. 27 [1976]), a walking cane (*People* v. *Lee*, 360 N.E.2d 1173, [Ill. Ct. App. 1973]), a stone, 2x3x9 inches (*Acers* v. *United States*, 164 U.S. 388 [1896]), an unloaded pistol used as a striking object (*Else* v. *State*, 555 P.2d 1210, [Alaska 1976]), a broomstick (*People* v. *Buford, supra*), boots (*Thomas* v. *State*, 229 S.E.2d 458 [Ga. 1976]), and even fists, depending on the manner of usage. (*People* v. *Rumaner*, 357 N.Y.S. 2735

[1974] and *People* v. *Buford, supra*), and see dissenting opinion of Justice Frank G. Smith in *Wilson* v. *State*, 162 Ark. 494, 258 S.W. 972 (1924) on the issue of whether ordinary shoes constitute a dangerous weapon.

We conclude that the testimony as to the object itself and the manner of usage by the appellant fully supported the verdict with respect to aggravated robbery.

The judgment is affirmed.