# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JONATHON LEDALE PURNELL,

      Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 333288
Ingham Circuit Court
LC No. 15-000957-FH

---

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals his conviction, following a jury trial, of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve 10 to 20 years in prison. Defendant's conviction resulted from his assault on another prisoner, Mark Carpenter, while residing at the Ingham County Jail awaiting disposition of a previous unrelated charge. Defendant appeals as of right. We affirm defendant's conviction but remand for a redetermination regarding whether consecutive sentencing should apply.

Defendant argues that the trial court erred in denying his request to instruct the jury on lesser included offenses, that the trial court issued an unreasonable sentence, that the trial court erred in basing its sentence on the mistaken belief that a consecutive sentence was mandatory, that defendant's due process rights were violated by the prosecutor's delay in charging him, and that defendant's trial counsel provided ineffective assistance. We agree that the trial court mistakenly based its sentence on a conclusion that a consecutive sentence was mandatory, but disagree with defendant's other claims.

Defendant first argues that the trial court erred in denying his motion to instruct the jury on lesser included offenses. Although, in general, this Court reviews claims of erroneous jury instructions de novo, "[t]he determination whether a jury instruction is applicable to the facts of the case lies within the sound discretion of the trial court." *People v Heikkinen*, 250 Mich App 322, 327; 646 NW2d 190 (2002). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012) (quotation marks and citation omitted).

A defendant has the right to "a properly instructed jury . . . ." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909, mod 450 Mich 1212 (1995). "[J]ury instructions must not exclude

-1-

consideration of material issues, defenses, and theories for which there is supporting evidence." *People v Kurr*, 253 Mich App 317, 328; 654 NW2d 651 (2002). Defendant argues that the trial court should have granted his motion to instruct the jury regarding the lesser offenses of assault and battery, and aggravated assault. MCL 768.32(1) permits instructions on necessarily included lesser offenses. *People v Apgar*, 264 Mich App 321, 326; 690 NW2d 312 (2004). Such an instruction is appropriate where the lesser offense is necessarily included in the greater offense and a rational view of the evidence would support such an instruction. *People v Mendoza*, 468 Mich 527, 541; 664 NW2d 685 (2003); *People v McGhee*, 268 Mich App 600, 607; 709 NW2d 595 (2005).

The elements of AWIGBH are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." MCL 750.84; *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). A defendant commits an assault when there is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Meissner,* 294 Mich App 438, 453-454; 812 NW2d 37 (2011) (quotation marks and citation omitted). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another. . . ." *Id.* at 454 (quotation marks and citation omitted). According to MCL 750.81a(1), an aggravated assault is a misdemeanor that occurs where "a person [] assaults an individual without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder . . . ."

Initially, we note that defendant admits that aggravated assault is a *cognate* lesser offense of AWIGBH (it has an element not included in AWIGBH). Defendant cites outdated case law in stating that an instruction on aggravated assault was warranted. The Michigan Supreme Court has ruled that MCL 768.32(1) permits instruction only on *necessarily* included lesser offenses. *Mendoza*, 468 Mich 533.

Assault and battery, MCL 750.81, is clearly a necessarily included lesser offense of AWIGBH. Thus, a lesser-included offense instruction would have been appropriate if "a rational view of the evidence would support such an instruction." *Mendoza*, 468 Mich at 541. The evidence must be sufficient, "more than a modicum," that defendant could have been convicted of the lesser offense. See *People v Cheeks*, 216 Mich App 470, 479-480; 549 NW2d 584 (1996).

The intention of the defendant is what "distinguishes the misdemeanors, simple assault and aggravated assault," from the felony, AWIGBH. *People v Van Diver*, 80 Mich App 352, 356; 263 NW2d 370 (1977). The intent to do great bodily harm less than murder is "an intent to do serious injury of an aggravated nature." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citations omitted). Here, defendant testified that he "didn't try to hurt [Carpenter], like, his eyesight or -- none of that stuff." However, when evaluated with the evidence as a whole, this testimony was not "more than a modicum" of evidence that defendant did not intend to commit serious harm against Carpenter and, instead, intended only to place him in reasonable apprehension of receiving an immediate battery, or to inflict less than serious injury of an aggravated nature. Even though defendant stated that he did not mean to seriously harm Carpenter, he explained to a police officer that because he did not get paid for a gambling debt, he punched Carpenter, Carpenter got immediately knocked out, and

defendant then continued to punch him. Defendant reported at trial that he wished to take the first swing to get the advantage. Defendant denied at trial that Carpenter immediately became unconscious, but he admitted that he kicked Carpenter in the head after Carpenter was on the ground. Corrections Officer James Matthews observed defendant punch and kick a motionless Carpenter while standing over him, and then take a couple steps away and return to kick Carpenter in the head. Corrections Officer Matthew Powell witnessed defendant initiate punching Carpenter in the face, causing Carpenter to fall to the ground against a glass barrier, where defendant continued to hit a bleeding and immobilized Carpenter in the head with his fist and then kicked him in the head. Carpenter sustained numerous serious injuries, including a detached retina.

A defendant's intent may be inferred "from his words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001) (citation omitted). The injuries sustained by the victim are also relevant. *People v Dillard*, 303 Mich App 372, 378; 845 NW2d 518 (2013), reversed on other grounds 500 Mich 14 (2017). The evidence here indicated that defendant's intent was to seriously injure Carpenter. Any rational view of the evidence did not support an instruction on simple assault and battery, and we find no basis for reversal.

Defendant also argues that he was denied his constitutional right to present a defense because the jury was precluded from considering his argument that he did not intend to harm Carpenter. The United States Constitution provides criminal defendants with the right to present a complete defense. US Const, Ams VI, XIV; *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). "Instructional errors that directly affect a defendant's theory of defense can infringe a defendant's due process right to present a defense." *Kurr*, 253 Mich App at 326-327. Here, defendant was not able to ask the jury to convict him of a lesser offense because a lesser offense instruction was not warranted, but the jury instructions did not prevent defendant from asserting a defense that he did not intend to harm Carpenter. There is no basis for reversal.

Next, defendant argues that the trial court sentenced him to a disproportionately long prison term. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "Resentencing will be required when a sentence is determined to be unreasonable." *Id*.

The reasonableness of a sentence is determined by evaluating whether it violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Steanhouse*, 313 Mich App 1, 45; 880 NW2d 297 (2015), reversed in part on other grounds ___ Mich ___ (2017); *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

After adjusting the sentencing variables, the trial court calculated that the advisory guidelines range for defendant's minimum sentence was 29 to 85 months, and the statutory maximum was 20 years. Before issuing a sentence of 120 months to 240 months, the trial court stated:

> Well, sir, I only have the power that the Legislature gave to me and the voters put me here so that we have a safe community. You were already

incarcerated when this occurred. You have no regard for human life. You have no regard for basic human dignity. There is a big difference between self defense and beating the crap out of somebody so violently that they need multiple surgeries and are blind. You don't kick someone when they're down. You don't fight in prison. You don't make an unsafe community or unsafe jail or prison.

You want mercy so that you can go raise your children. Well, sir, you harmed someone else's child. You have made an unsafe community for even your children because there are a thousand other people just like you, and how would you like it if someone did that to your child behind bars or on the street, it doesn't matter, a human is a human. We treat all humans with dignity, with respect. We don't beat them to a pulp and watch them bleed. We don't get that angry.

Defendant argues that the sentence was disproportionate because he had no history of violent criminal actions, and the sentencing guidelines took into consideration the seriousness of the injuries to Carpenter because they were included in the scoring of offense variable (OV) 3, dealing with victim injuries. It is true that the Court in *Milbourn*, 435 Mich at 660, cautioned, "A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion."[1] However, even though the trial court mentioned the extent of Carpenter's injuries in its reasoning, it did not solely rely on the injuries as the basis for the sentence. Rather, the trial court provided several reasons to justify its sentence, most notably, the disregard for humanity that defendant exhibited during the assault. Defendant argues that this is a characteristic of most crimes. However, the trial court was addressing the *specific* behavior of defendant and how it demonstrated his lack of regard for human life and dignity.

The trial court also highlighted that defendant was incarcerated at the time he committed the crime. The trial court's comments reasonably imply that the court concluded that defendant had a poor potential for rehabilitation, given that he was in a controlled environment and still committed the crime. The trial court also highlighted the egregious nature of the assault. Defendant decided to act aggressively to gain the advantage in the confrontation and continued to brutally assault a defenseless individual by punching and kicking the head area, as discussed above, in an environment that existed for safety and rehabilitation. The sentence was reasonable.

Next, defendant argues that the trial court erred in issuing a consecutive sentence. At sentencing, the prosecutor argued that it was mandatory, pursuant to MCL 768.7a(1), that the trial court order defendant's sentence to be served consecutively to a sentence he was serving in an unrelated case. The trial court then ordered a consecutive sentence and no jail credit. However, the prosecutor now concedes that defendant was not serving a sentence at the time he

---

[1] We note that, in the Supreme Court's recent decision in *Steanhouse*, the Court indicated that proportionality is not measured "by reference to deviations from the guidelines . . . ." *Steanhouse*, ___ Mich at ___.

assaulted Carpenter, but was in jail awaiting the disposition of charges pending against him in an unrelated criminal case and, thus, MCL 768.7a(1) did not apply.

Instead, MCL 750.506a applied to the circumstances under which the trial court sentenced defendant. MCL 750.506a(2) provides:

> If a person, lawfully detained in a jail or other place of confinement established by law, and awaiting arraignment, examination, trial or sentencing for any crime or offense, commits a subsequent offense defined in sections 81 to 86, if convicted of the crime or offense for which he was detained at the time he committed the subsequent offense, any sentences imposed for conviction of the prior offense and for conviction of the subsequent offense under sections 81 to 86 may run consecutively.

Because defendant was awaiting trial when he committed the AWIGBH, MCL 750.84, an offense defined in sections 81 to 86,[2] the trial court had the discretion to sentence defendant consecutively. Thus, the case is remanded so that the trial court may consider whether to issue a consecutive or concurrent sentence, and whether defendant is entitled to credit for the days that he had already served before sentencing.

Next, defendant argues in a Standard 4 brief that the prosecutor violated defendant's due process rights by delaying charging him with a crime following his arrest. As an unpreserved claim, review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Due process guarantees protect a defendant from prearrest or preindictment delay after the defendant committed an offense. *People v Cain*, 238 Mich App 95, 109; 605 NW2d 28 (1999). "A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014).

Defendant was in jail for transporting a prostitute when he assaulted Carpenter on December 21, 2014. A complaint and felony warrant for AWIGBH were issued on March 3, 2015, and the preliminary examination was held on October 8, 2015, after being rescheduled three times. Defendant waived his circuit court arraignment on October 14, 2015, and after a December pretrial conference, his trial began on March 7, 2016.

Thus, there were 72 days between defendant's arrest on December 21, 2014, and the issuance of a felony warrant, 291 days between the arrest and the preliminary examination, and 297 days between the arrest and his waiver of arraignment in circuit court. A defendant must demonstrate "actual and substantial prejudice to his right to a fair trial" in order to establish a due process violation because of preindictment delay. *People v Musser*, 259 Mich App 215, 220; 673 NW2d 800 (2003). Here, defendant argues that the delay could have caused a loss of

---

[2] MCL 750.81 to MCL 750.86.

memory of the details of the events by witnesses, including himself. However, defendant does not offer any specific instance of memory loss, and a "general claim that the memories of witnesses have suffered is insufficient to demonstrate prejudice." *Id*. Defendant also argues that the delay prejudiced him because witnesses may have gone missing. However, defendant does not specify any witnesses that were missing, and "a defendant cannot merely speculate generally that any delay resulted in lost memories, witnesses, and evidence . . . ." *Woolfolk*, 304 Mich App at 454.

Defendant also argues that the prosecutor used the delay in order to enhance his sentence from the conviction in the preceding unrelated case, and to gain an advantage in plea negotiations. However, defendant's conviction that resulted in an enhanced sentence was from an offense that occurred more than nine months before the AWIGBH. Because the prior charge was in the process of adjudication at the time of the AWIGBH, it was very likely to have been completed before the disposition of the instant case, despite any delay. The likelihood of it being available to use for enhancement suggests that this case was not purposefully delayed to take advantage of its availability. Defendant has not established any actual prejudice from any delays, and because the reason for the delay is not clear given the lack of preservation, he has not established plain error.

Next, defendant argues that his trial counsel provided ineffective assistance in a variety of instances. Claims of ineffective assistance of counsel that are unpreserved are limited to review for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question of whether an attorney's ineffective assistance deprived a defendant of his Sixth Amendment right to counsel is reviewed de novo. *Id*. at 242.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This right to counsel encompasses the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). In order to succeed on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). "[E]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).

Defendant first argues that his trial counsel failed to adequately investigate witnesses to defendant's fight with Carpenter.

Failure to make a reasonable investigation can constitute ineffective assistance of counsel. *McGhee*, 268 Mich App at 626. In order to overcome the presumption of sound trial strategy, the defendant must show that trial counsel's failure to prepare for trial or interview witnesses resulted in counsel's ignorance of valuable evidence that would have substantially benefited the accused. *People v Bass (On Rehearing)*, 223 Mich App 241, 252-253; 581 NW2d 1 (1997).

Defendant argues that his trial counsel should have interviewed and called other witnesses. He mentions three specific witnesses. However, it does not appear that defendant's trial counsel was unaware of this evidence because he informed the trial court that he could call

the three witnesses as defense witnesses if necessary. Because defendant does not specify what these three witnesses would have said, and it appears that trial counsel was aware of them and their possible testimony, defendant has not demonstrated that the failure to call them was not a matter of trial strategy as opposed to the failure to investigate or present a defense.

Defendant also argues that his counsel failed to interview a witness to the fight who would have testified that Carpenter taunted defendant for his refusal to pay him and gestured to defendant as he asked guards to open his cell so they could fight, and that Carpenter reached towards defendant's legs while on the ground and threatened him. Defendant provided this Court with an affidavit from the witness.

The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is defined as one that might have made a difference in the outcome of the trial." *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999). Defendant was not denied a defense by the absence of this witness because defendant presented similar testimony that Carpenter taunted him and fought him from the ground. In addition, this witness stated in his affidavit that he did "not believe [defendant] intended to hit" Carpenter, whereas defendant himself testified that he "swung" on Carpenter in order to prevent Carpenter from having an "advantage" over defendant. Given the extremely strong case against defendant (with testimony from the guards and from Carpenter), we cannot find that defendant was deprived of a substantial defense by the absence of a witness who might have presented cumulative or contradictory testimony.

Next, defendant argues that trial counsel improperly advised him regarding plaintiff's plea offer. A defendant's right to the effective assistance of counsel includes the plea-bargaining process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). "Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). In the context of a plea offer, mistaken advice from trial counsel regarding the sentence a defendant could receive at trial may constitute deficient performance. *Douglas*, 496 Mich at 593.

Here, the prosecutor stated before trial that he had offered defendant a minimum sentence of 24 months with consecutive sentencing. Defendant reports that his trial counsel informed him at a pretrial conference that the prosecutor had offered an 18-month consecutive term and that his counsel believed that he could, at most, be convicted of an aggravated assault misdemeanor. Defendant argues that he rejected the plea offer because it included consecutive sentencing. It is true that defendant's trial counsel was mistaken that a statute required a consecutive sentence. However, the *prosecutor* extended the offer that included consecutive sentencing and also believed, as did the trial court, that consecutive sentencing was mandatory. Even had defendant's trial counsel challenged the prosecutor's offer of consecutive sentencing, there was no indication that the prosecutor would have offered concurrent sentencing, particularly when defendant was already serving a 66-month sentence for transporting a prostitute. It is not likely that the prosecutor would offer a sentence that would not have extended defendant's time in prison. Additionally, it is questionable whether the trial court would have accepted a deal that resulted in no additional prison time after defendant completed his previous sentence. There is

insufficient evidence that the advice provided by defendant's trial counsel during plea negotiations prejudiced defendant.

Defendant argues that the performance of his trial counsel was deficient because his trial counsel only briefly met with him twice before trial. It should be noted that defendant requested a new attorney at a December 16, 2015, hearing, and defendant's trial counsel was assigned to defendant's case in January 2016. The trial court granted a motion by defendant's trial counsel for reimbursement so that he could travel to Thumb Correctional Facility to prepare for trial and provide trial clothing to defendant the week before the trial. Defendant's argument is largely predicated on the failure of his trial counsel to present what defendant believed were exculpatory witnesses, as discussed above. We have already discussed these arguments and have rejected them. In addition, defendant does not explain how further meetings between counsel and himself would have changed the outcome of the proceedings.

Defendant also argues that counsel was ineffective for failing to challenge the pre-indictment delay, but once again fails to demonstrate how this prejudiced him.[3]

Defendant's conviction is affirmed but this case is remanded for a redetermination regarding whether consecutive sentencing should apply. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly

---

[3] We reject defendant's renewed request for a remand for an evidentiary hearing regarding ineffective assistance of counsel.