## PEOPLE v. KILDOW

1. INDICTMENT AND INFORMATION—DEFECT—FAILURE TO OBJECT.
   Claim that an information does not state a crime will not be considered on appeal where the defendant did not claim that the information was defective before the commencement of his trial (CL 1948, § 767.76).

2. CRIMINAL LAW—TRIAL—CROSS-EXAMINATION—PRIOR CONVICTIONS.
   A prosecutor was within his rights in cross-examining a defendant charged with kidnapping about prior convictions not mentioned on direct examination, where the defendant's attorney asked him questions concerning his prior convictions on direct examination (CL 1948, §§ 750.82, 750.349).

3. ASSAULT AND BATTERY—INJURIES—FELONIOUS ASSAULT—WEAPONS—BEER BOTTLE.
   Testimony describing injuries sustained by the victim of a felonious assault was proper for the purpose of proving that a beer bottle used to inflict the injuries was a dangerous instrument (CL 1948, § 750.82).

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 April 16, 1969, at Lansing. (Docket No. 6,365.) Decided August 28, 1969. Rehearing denied October 14, 1969. Application for leave to appeal filed November 5, 1969.

John Lee Kildow was convicted of kidnapping and felonious assault. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 599.
   41 Am Jur 2d, Indictments and Informations §§ 278, 306–313.
[2] 29 Am Jur 2d, Evidence §§ 320, 321, 333, 1175.
[3] 6 Am Jur 2d, Assault and Battery § 96.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Timothy E. Dinan (Patrick H. Oliver,* of counsel), for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J.   Defendant was found guilty by a jury of kidnapping (MCLA § 750.349 [Stat Ann 1954 Rev § 28.581]) and felonious assault (MCLA § 750.82 [Stat Ann 1962 Rev § 28.277]).   The complaining witness, John Kinzie, testified that on the night of the alleged offenses he was hitchhiking home and was given a ride by Darrell Joseph Cote. The defendant was a passenger in the car.   The driver passed the point at which Kinzie wished to get out of the car and refused to let him out, even though Kinzie asked several times to be let out. Cote told Kinzie he was going to take him to Flint. The defendant asked Kinzie if he had any money and when Kinzie replied that he didn't, the defendant said he would kill him.   At another point in the conversation the driver and the defendant talked about flipping a coin to see who would kill Kinzie. Finally, in desperation, Kinzie grabbed the steering wheel of the automobile and attempted to steer the car into a ditch but was struck on the head with a beer bottle by the defendant.

Kinzie was able to get the rear window down and escape from the car.   As a result of the blow on the head Kinzie's eye was damaged and had to be removed.

Defendant claims the information does not state a crime pursuant to the statute. He filed a motion to quash the information on the grounds that there was no evidence produced to substantiate the commission of the crime of kidnapping. In effect, he pleaded self-defense to the charge of felonious assault. At no time did he claim the information was defective. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016) reads in part:

"* * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit."

In *People* v. *Southwick* (1935), 272 Mich 258, defendant filed a motion to quash the information because the evidence produced at the preliminary examination did not establish probable cause. On appeal the defendant attacked the sufficiency of the information. The Court stated (p 265):

"He raises the question for the first time in a brief filed in this Court and under the authority of *People* v. *Spence* (1930), 250 Mich 573, the objection may not now be considered."

Defendant alleges that the trial court erred by refusing to allow the defendant a *voir dire* hearing as to defendant's prior convictions. The trial judge denied the motion, avoiding any advance rulings and leaving room for discretion as the problems were presented. *Luck* v. *United States* (1965), 121 App DC 151 (348 F2d 763). Defendant failed to object when the prosecution asked the defendant questions concerning his prior convictions. In addition, the defendant had failed to mention two convictions

when asked by his own attorney. The prosecutor was within his rights in asking the defendant about convictions not mentioned by the defendant on direct examination.

Defendant also claims it was error for a prosecution witness to describe the injuries sustained by the complaining witness from the blow of the defendant. The defendant had stood mute and a plea of not guilty was entered by the court on his behalf. It was proper for the prosecution to introduce evidence showing the injuries sustained by Kinzie from the blow, for the purpose of proving that the beer bottle used to inflict the injuries was a dangerous instrument.

The remaining errors alleged by the defendant all deal with the instructions given by the trial court to the jury. A review of the instructions shows that the charges given as a whole were fair and correct.

Affirmed.

All concurred.