PEOPLE v. THOMPSON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—VERDICT OF NOT GUILTY
   —MANDATORY INSTRUCTION.
   Failure to instruct the jury that they could find the defendant
   not guilty constitutes reversible error even though the defend-
   ant's attorney did not request such an instruction.

2. WITNESSES—SANITY—NON-EXPERT OPINION.
   Allowing a police officer to testify that the defendant appeared
   sane was reversible error where the officer testified that he had
   no expertise in psychiatry, had not observed the defendant until
   at least two hours after the crime charged, had never met the
   defendant before that time, and was with the defendant for
   three and one-half hours at the most.

Appeal from Calhoun, Ronald M. Ryan, J. Sub-
mitted Division 3 December 9, 1970, at Grand Rapids.
(Docket No. 7815.) Decided January 26, 1971.

Edwin Robert Thompson was convicted of murder
in the second degree. Defendant appeals. Reversed
and remanded for new trial with instructions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John Jereck,*
Prosecuting Attorney, for the people.

*Wilcox & Robison* (by *Alfonso S. Magnotta*), for
defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 640, 823.
[2] 21 Am Jur 2d, Criminal Law §§ 48, 53.

Before: FITZGERALD, P. J., and QUINN and MC-INTYRE,* JJ.

PER CURIAM. In this appeal defendant attacks his conviction and sentence in the Calhoun County Circuit Court for second-degree murder[1] on the grounds that the trial judge committed reversible error in failing to instruct the jury that they could find the defendant not guilty. Defendant also asserts that error was committed when a state policeman was allowed to testify concerning defendant's sanity.

The trial court instructed the jury that there were four possible verdicts which they could render: guilty of murder in the first degree, murder in the second degree, or manslaughter, or not guilty by reason of insanity. The failure to instruct the jury that they could find defendant not guilty constitutes reversible error even though defendant's attorney did not request such an instruction. *People* v. *Woody* (1968), 380 Mich 332, 337; *People* v. *Deneweth* (1968), 14 Mich App 604, 606.

At trial, a police officer testified that "to me, he [defendant] appeared sane". This testimony came after an objection by the defense attorney and after the witness had testified that he had no expertise in psychiatry, had not observed the defendant until at least two hours after the alleged crime, had never met the defendant before, and was with the defendant for three and one-half hours at the most. Such non-expert opinion testimony was clearly prohibited in *People* v. *Cole* (1969), 382 Mich 695, 712, in which the court stated: "Where an abuse of the trial court's discretion as to the admission or exclusion of testimony is palpably manifested in the record, this Court must not and will not hesitate to reverse".

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

Our determination on the aforementioned issues obviates discussion of the other points raised on appeal.

Reversed and remanded for a new trial, at which the charge of first-degree murder shall be eliminated.