PEOPLE v VAN HORN (ON REMAND)

1. Homicide—Second-Degree Murder—Self-Defense—Aggressors —Instructions to Jury—Evidence.

A defendant may only be held legally accountable as an aggressor for responsive conduct of another that is reasonably attributable to defendant's own conduct; therefore, in a case where a defendant was charged with murder, it was error to instruct the jury that an aggressor could not invoke self-defense as an excuse for his actions where there was absolutely no evidence presented that could entitle the jury to find that the defendant was an aggressor.

2. Criminal Law—Self-Defense—Aggressors—Deadly Combat— Fear of Death.

An aggressor is one who first does acts of such nature as would ordinarily lead to a deadly combat or as would put another person involved in fear of death or serious bodily injury.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted December 4, 1973, at Detroit. (Docket No. 14958.) Decided September 10, 1975. Leave to appeal applied for.

Louis B. Van Horn was convicted of second-degree murder. Defendant appealed. Affirmed by memorandum opinion January 24, 1974. Defendant appealed by leave granted to the Supreme Court, which remanded to the Court of Appeals for rehearing, 394 Mich 760 (1975). Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal

Reference for Points in Headnotes
[1, 2] 40 Am Jur 2d, Homicide §§ 145, 146, 291.

Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

## ON REMAND

LESINSKI, C. J. Defendant shot and killed one Otha Mitchell but claimed the killing was in self-defense. He was charged with murder in the first degree and tried in Recorder's Court for the City of Detroit. The jury returned a verdict of murder in the second degree. MCLA 750.317; MSA 28.549.

Defendant's appeal of his conviction to this Court resulted in a memorandum affirmance. New counsel for the defendant then made a delayed application for appeal to the Supreme Court, putting forward different and much more significant issues than those presented in the first hearing before this Court. The Supreme Court *sua sponte* ordered the cause remanded to this Court for rehearing (394 Mich 760 [1975]) based on the briefs filed in the Supreme Court. For our disposition of this appeal, only the appropriateness of the trial court's instructions need be considered.

The defendant's account of the incident is that he went to the apartment managed by Mr. Mitchell to collect money owed him by a tenant. He there met Mitchell, who told him to leave. Because he claimed he needed the money that day for a real estate transaction, he disregarded Mitchell's order and walked towards another elevator. Mitc-

hell then shot at him and in response the defendant shot and killed Mitchell. He then fled, but later surrendered himself to the Detroit police.

The prosecution proceeded on a theory that the shooting of Mitchell was unprovoked, and considerable evidence was presented to show the enmity between Mitchell and the defendant. No one except Mitchell and the defendant were present at the scene of the shooting.

In instructing the jury, the trial court included a charge on self-defense. Part of the charge dealt with the inability of an aggressor to invoke self-defense as an excuse for his actions.[1]

The Supreme Court, in *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974), has recently considered what is necessary to make someone the "aggressor" and thus deny him the defense of self-defense. In *Townes* the Supreme Court found error in the trial court's assumption that "if appellant was at fault in provoking a disturbance in the tire store, he could then be held legally accountable as an aggressor for any response to his conduct, whether by McMillion or any other person". 391 Mich at 592. A person may only be held legally

---

[1] The court used Form No. 409 from 2 Gillespie, Michigan Criminal Law and Procedure (2d Ed), § 906, p 1286.

"If the defendant was the aggressor in the conflict, he cannot invoke the doctrine of self-defense as an excuse for the killing, unless he was at that time, in immediate danger of losing his own life or suffering some grievous bodily injury, and there was no retreat open for him and his only safety lay in shooting—. Self-defense in proper cases is the right of every person but it will not justify the taking of a human life, unless the jurors shall be satisfied from the testimony: First, that the defendant was not the aggressor in bringing on the difficulty, that is, that he was without fault; second, that there existed, at the time of the shooting, in his mind, a present and impending necessity to shoot in order to save himself from death or some great bodily harm; and, third, that there must have been no way open whereby he could have retreated, as it appeared to him at the time of the shooting, to a place of safety and have thus avoided the conflict. Unless you find that all three of these facts are established in the case, then the plea of self-defense fails."

accountable as an aggressor for responsive conduct of another that is reasonably attributable to one's own conduct.

The only testimony of the confrontation between the defendant and Mitchell came from the defendant. According to the defendant, there was an exchange of words, which included Mitchell's order for the defendant to leave the building, then the defendant disregarded Mitchell's order and was walking away when Mitchell fired at him. Whatever Mitchell's rights to order the defendant out of the building were, the evidence of defendant's action in no way allows him to be considered the "aggressor".

"It is generally held that the aggressor is the one who first does acts of such nature as would ordinarily lead to a deadly combat or as would put the other person involved in fear of death or serious bodily injury." 1 *Wharton's Criminal Law & Procedure* (Anderson ed), § 229, p 501.

Since there was absolutely no evidence presented that could entitle the jury to find that the defendant came under the aggressor exception of self-defense, the court's instruction seriously prejudiced the defendant's case.

" '[W]henever a judge, by his charge, proposes to deprive a defendant of his right of self-defense, he must be enabled to lay his hand on the facts which justify him in doing so; and, unless he can, he should abstain from giving a charge of this character, because, however groundless the charge may be, coming as it does from the court, it is calculated to make the jury believe that, in the opinion of the judge, there was evidence tending to show that appellant brought on the difficulty for the purpose of slaying his adversary, and consequently such an instruction, not authorized by the

testimony, is calculated to injure or impair the rights of the defendant.' *McCandless v State,* 42 Tex Crim 58, 64–65; 57 SW 672, 675 (1900)." *People v Townes, supra,* at 594.

Reversal of the defendant's conviction is required. We are not precluded from so holding by the defense's failure to object to the instruction. *People v Townes, supra, People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967), *People v Thompson,* 30 Mich App 142; 186 NW2d 4 (1971).

It is not necessary to consider the other allegations of error made by the defendant. The defects alleged may not occur on retrial of this matter.

Reversed and remanded.