PEOPLE v SPRINGER

Docket No. 78-4550. Submitted February 7, 1980, at Detroit.—Decided
October 6, 1980. Leave to appeal applied for.

Defendant, Jimmie Lee Springer, was charged with first-degree
murder in the shooting death of a police officer. At a bench
trial in the Recorder's Court of Detroit, Robert L. Evans, J., it
was established that the defendant had become embroiled in an
argument with his parents' next-door neighbor and the police
were called by the neighbor. Two plain-clothes police officers
responded to the telephone call and identified themselves to
defendant as being police officers. Defendant ran to his parents'
home, pursued by the police officers, whereupon, according to
the surviving officer, defendant shot and killed the other officer.
Defendant testified that he fled because he thought the officers
were friends of the neighbor who were going to carry out prior
threats made against him. Defendant further testified that his
stepfather shot the police officer. The trial court refused to
consider the reduced charge of manslaughter, holding that any
fear that defendant might have had was brought on by his own
lethal action. The court found defendant guilty of murder in
the second degree. The trial court in imposing a sentence of life
imprisonment indicated that he was doing so because the
victim was a police officer. Defendant appeals. *Held:*

1. While being an agressor in an affray which results in a
killing denies to the aggressor the unqualified right to claim
self-defense, the aggressor nevertheless may have a qualified
right of self-defense which will reduce murder to voluntary
manslaughter. The trial court, therefore, erred reversibly in
refusing to consider the question of whether the defendant's
state of fear was such that malice was negated and the crime
committed was voluntary manslaughter rather than murder.

2. The trial court abused its discretion by imposing a sen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 145, 146.
[2] 21 Am Jur 2d, Criminal Law § 614.
Comment Note. Length of sentence as violation of Constitutional
provisions prohibiting cruel and unusual punishment. 33 ALR3d
335.

tence of life imprisonment solely because the victim was a police officer rather than evaluating the defendant as an individual and tailoring the sentence to fit the needs of the individual defendant and society.

Reversed and remanded.

1. HOMICIDE — VOLUNTARY MANSLAUGHTER — SELF-DEFENSE — QUALIFIED RIGHT TO SELF-DEFENSE.

The refusal of a trial judge in a bench trial to consider the crime of manslaughter rather than the charged crime of murder on the basis that the defendant was the aggressor in an assault which eventually led to the fatal shooting of a police officer is reversible error, since, while being the aggressor in an affray denies the aggressor the unqualified right to claim self-defense, an aggressor may have a qualified right of self-defense which will reduce murder to voluntary manslaughter.

2. CRIMINAL LAW — SENTENCES — LIFE SENTENCE — ABUSE OF DISCRETION.

The imposition of a life sentence upon a conviction for second-degree murder solely because the victim was a police officer constitutes an abuse of discretion mandating resentencing; sentencing on such a basis violates the principle that the punishment must be tailored to fit the needs of the individual defendant and society following an evaluation of the defendant as an individual.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*Burgess & Burgess, P.C.,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR. and R. M. MAHER, JJ.

D. E. HOLBROOK, JR., J. Defendant was involved in an argument with his parents' next-door neighbor. Two plainclothes policemen responded to the neighbor's telephone call for help. They identified

themselves as police officers both verbally and with their badges. There was much conflicting testimony as to the events of that day. Defendant testified that, when he saw the two men with guns, he ran because he thought they were the neighbor's friends and, when they followed him into his parents' home, his stepfather shot and killed one of the men.

The stepfather, who owned the gun in question, denied being on the scene, claiming that he was in the basement the whole time.

Officer Younger testified that, upon arrival at the home, he pulled his gun when he saw defendant's gun. The officers pursued defendant into a home, where they saw an elderly man and woman in the background. Officer Younger said he saw the defendant face to face as he turned around and fired his gun, killing Officer Stevens. As Officer Younger dragged his partner outside, there was an exchange of gunfire between him and the defendant, but there were no further injuries.

Defendant was charged with first-degree murder, but was found guilty of second-degree murder, MCL 750.317; MSA 28.549, in a bench trial. Thereafter sentenced to life imprisonment, he appeals as of right.

As the defendant was the aggressor against the neighbor, the lower court held that the conviction could not be reduced to manslaughter because any fear that defendant may have had was brought on by his own lethal action.

A definition of voluntary manslaughter is found in *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974):

"It requires that a defendant be found to have had an intent to kill or an intent to do serious bodily harm to

the deceased. To this extent the offense parallels the crime of murder; but, as noted above, it is distinguished from murder by an absence of malice. To reduce a homicide to voluntary manslaughter the fact finder must determine from an examination of all of the circumstances surrounding the killing that malice was negated by provocation and the homicide committed in the heat of passion."

The *Townes* Court stated in footnote 3 of its opinion that a defendant acting out of a state of terror is considered to have acted in the "heat of passion".

Defendant argues that in committing the shooting, he acted in the heat of passion brought on by reasonable provocation since he was in an extreme state of fear when confronted by two men with guns whom he believed were going to carry out prior threats made against him. For this reason, defendant claims that the charge against him could have been reduced to voluntary manslaughter because he had an imperfect right to self-defense. We agree. If the defendant would be entitled to claim self-defense except for the fact that he was at fault in provoking the danger to himself, he is guilty of manslaughter, not murder. The focus is upon whether defendant would have had a right to self-defense but for his actions as the initial aggressor. This concept of a qualified right of self-defense has been adopted in several jurisdictions and was discussed in footnote 7 of *People v Morrin,* 31 Mich App 301, 311; 187 NW2d 434 (1971):

"[T]he crime may be manslaughter, not murder, when the actor kills in self-defense but was not entitled to do so under the circumstances, either because he was not free from fault or his belief that he was in danger was not justified."

We further find error in the lower court's sentencing of defendant to life imprisonment solely because the victim was a police officer. This violates the principle that punishment must be tailored to fit the needs of the individual defendant and of society. Discretion inherently involves an evaluation of each defendant as an individual.

These issues being dispositive, we find it unnecessary to address defendant's remaining allegations of error.

We reverse defendant's conviction and remand to the trial court for entry of a judgment of conviction on the reduced charge of voluntary manslaughter and resentencing, with an option afforded the prosecutor to retry defendant on the charge of second-degree murder.

Reversed and remanded.