PEOPLE v SPRINGER (ON REMAND)

Docket No. 57098. Submitted December 14, 1982, at Lansing.—Decided February 9, 1983. Leave to appeal applied for.

Jimmie L. Springer was convicted of second-degree murder, Recorder's Court of Detroit, Robert L. Evans, J. Defendant appealed and the Court of Appeals reversed and remanded for entry of a judgment of guilty of a reduced charge of voluntary manslaughter and resentencing or, at the prosecutor's option, a retrial on the charge of second-degree murder. 100 Mich App 418 (1980). The people and the defendant sought leave to appeal and cross-appeal, respectively. In lieu of granting leave, the Supreme Court remanded the case to the Court of Appeals for resolution of issues not addressed in its original opinion. 411 Mich 867 (1981). On remand, *held:*

Testimony of a witness was presented at trial at a time when the defendant was absent. In the absence of an on-the-record disclosure that the defendant had specific knowledge of his constitutional right to be present or that he intentionally abandoned the protection of his right, there can be no finding of a waiver of the right or of consent to the proceeding. The indication in the record that defendant nodded his head in apparent agreement with a stipulation as to the testimony which the witness had given does not constitute acquiescence regarding his rights. The conviction must be reversed.

Reversed and remanded for trial on the charge of second-degree murder.

CRIMINAL LAW — TRIAL — DEFENDANT'S PRESENCE AT TRIAL — WAIVER.

A defendant's waiver of his right to be present at his trial consists of a specific knowledge of the constitutional right and an intentional decision to abandon the protection of the constitutional right; both of these elements must be present and if either is missing there can be no waiver and no finding of consent.

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 673.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*Burgess & Burgess, P.C.,* for defendant on appeal.

ON REMAND

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR., and R. M. MAHER, JJ.

D. E. HOLBROOK, JR., J. This matter was previously before this Court, at which time we reversed defendant's conviction and remanded to the trial court for entry of a judgment of conviction on the reduced charge of voluntary manslaughter and resentencing with an option being afforded the people to retry defendant on the charge of second-degree murder. We did so because of error by the trial court in its determination of the law on qualified self-defense. Said case is reported in 100 Mich App 418; 298 NW2d 750 (1980).

Thereafter, on April 1, 1981, the Supreme Court remanded the case to us for resolution of issues raised by the defendant but not addressed in our original opinion. 411 Mich 867 (1981). The reason for our failure to address defendant's remaining allegations of error in our original opinion was because we felt that resolution of the aforesaid was dispositive.

Initially we turn to the final issue raised by defendant in his original brief which is a claim that he is entitled to a new trial because testimony was taken in his absence, without waiver, while he

was incarcerated in the Wayne County Jail. On Tuesday, April 10, 1976, the court recessed for the day with the intention of resuming testimony the following morning. Defendant was returned to the Wayne County Jail. In defendant's absence John Bozigar was recalled as a witness and gave further expert testimony concerning the direction of the bullets as they passed through a curtain which was located in the house which was the scene of the alleged offense. Being absent from the court, it is apparent that defendant was not present during this testimony. On the following morning a stipulation of fact was entered into by the defense counsel and the prosecutor regarding the substance of the testimony taken the prior day. The record reflected that the court observed that the defendant nodded his head in apparent agreement with that stipulation. As a curative measure the trial judge proposed that there be a stipulation as to the facts that he thought the witness established. The following occurred:

"*Miss Clark [Assistant Prosecutor]:* I assume the stipulation would be that he examined the curtain from a hanging position and although the bullets did enter the shiny side of the curtain, it was his opinion that they came from the dining room toward the living room.

"*The Court:* Is that the stip?

"*Mr. Burgess [defense counsel]:* Yes.

"*The Court:* You and your client agree with that?

"*Mr. Burgess:* Yes.

"*The Court:* Let the record show the defendant nodded.

"*Mr. Burgess:* Thank you very much."

It is therefore necessary for us to determine if the defendant waived his presence at trial on the day following his absence. While there are few Michi-

gan cases which address the requirements of a valid waiver of a defendant's presence at trial, the standard is set forth in *People v Ewing,* 48 Mich App 657; 211 NW2d 56 (1973), which quoted from *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278 (1972):

" 'Waiver is defined in *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1938), as "an intentional relinquishment or abandonment of a known right or privilege." The Court added, " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' " Thus, waiver consists of two separate parts: 1) a specific knowledge of the constitutional right; and 2) an intentional decision to abandon the protection of the constitutional right. Both of these elements must be present and if either is missing there can be no waiver and no finding of consent.' " *Ewing, supra,* 660.

The record before us fails to disclose that the defendant had specific knowledge of his constitutional right to be present nor does it disclose an intentional decision to abandon the protection of his constitutional right.

Since if either of the foregoing is missing there can be no waiver and no finding of consent, it is apparent to us that defendant's conviction must necessarily be reversed. Moreover, we do not deem a nod of the head to constitute acquiescence as to either his knowledge of constitutional rights nor of his decision to abandon the protection thereof. The trial judge should have specifically addressed the defendant and advised him that he had a constitutional right to be present while the testimony was being taken on the preceding day and, further, should have asked the defendant if it was his decision to abandon such right. We cannot con-

done what took place in the instant case on a
silent record indicating little more than a nod of
the head. There should have been verbal questions
and verbal answers.

As to defendant's remaining allegations of error,
not heretofore considered, we have thoroughly
reviewed and examined same and find them to be
without merit. *People v Oster,* 67 Mich App 490,
495; 241 NW2d 260 (1976); *People v Moss,* 70 Mich
App 18; 245 NW2d 389 (1976); *People v Van Horn
(On Remand),* 64 Mich App 112, 115; 235 NW2d 80
(1975); *People v Newby,* 66 Mich App 400; 239
NW2d 387 (1976); *People v Mitchell,* 402 Mich 506,
513; 265 NW2d 163 (1978); *People v Eisenberg,* 72
Mich App 106; 249 NW2d 313 (1976); *People v
Bright,* 50 Mich App 401; 213 NW2d 279 (1973).

Reversed and remanded for trial on the charge
of second-degree murder.