PEOPLE v MILLER

Docket No. 78688. Submitted January 17, 1985, at Detroit.—Decided
April 22, 1985.

Defendant, Raynard Miller, also known as Jerome Miller, was
charged with possession with intent to deliver heroin and was
convicted, following a jury trial in the Recorder's Court for the
City of Detroit, of possession with intent to deliver heroin, Vera
Massey Jones, J. Defendant appeals. *Held:*

1. While the court's clerk misstated the offense when polling
the jury, the jury's verdict is not void for uncertainty since the
jury's intent to convict defendant of possession with intent to
deliver heroin is clearly shown by the jury's written verdict
form and the jury foreperson's statement that the defendant
was found guilty as charged.

2. The trial court fully complied with the evidence rule
regarding impeachment by evidence of conviction of a crime.

3. Any error allegedly made by defendant's attorney by
stipulating to the admission of evidence that the defendant
possessed heroin was at most harmless, since defendant admitted that he purchased heroin and possessed it at the time of his
arrest. Defendant failed to show any prejudice.

Affirmed.

1. TRIAL — JURY — UNCERTAIN VERDICTS.

A jury's verdict may be found not void for uncertainty where the
jury's intent can be clearly deduced by reference to the pleadings, the court's charge, and the entire record.

2. CRIMINAL LAW — EVIDENCE — WITNESSES — IMPEACHMENT —
PRIOR CONVICTIONS — RULES OF EVIDENCE.

A defendant may be impeached with evidence of a prior felony
conviction where the felony is one punishable by more than one
year in prison and the court determines that the probative

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1163 *et seq.*
[2, 3] 81 Am Jur 2d, Witnesses § 569 *et seq.*
Propriety, on impeaching credibility of witness in criminal case by
showing former conviction, of question relating to nature and
extent of punishment. 67 ALR3d 775.

value of admitting the evidence on the issue of credibility outweighs its prejudicial effect (MRE 609[a][1], [2]).

3. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense; (2) whether it is for substantially the same conduct for which defendant is on trial; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by evidence of prior convictions.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and W. A. PORTER,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possession with intent to deliver heroin, MCL 333.7401; MSA 14.15(7401), and was sentenced to a term of from 6-1/2 to 20 years imprisonment. Defendant appeals as of right.

Defendant first argues that the jury actually returned a verdict of guilty of possession of heroin instead of possession with intent to deliver heroin. The clerk of the court made an error in polling the jury by asking them if they had found defendant guilty of possession of heroin. Each juror responded in the affirmative. The jury's verdict form stated that they found him guilty of possession with intent to deliver heroin and the jury's foreperson indicated that the jury found defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guilty as charged. Defendant was charged with possession with intent to deliver heroin. In *People v Rand,* 397 Mich 638, 643; 247 NW2d 508 (1976), the Supreme Court found that a jury's verdict is not void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the court's charge, and the entire record. While the court's clerk misstated the offense when polling the jury, the jury's verdict is not void for uncertainty in this case since the jury's intent is clearly shown by the jury's written verdict form and the jury foreperson's statement that defendant was found guilty as charged. These references in the record clearly show that the jury intended to convict defendant of possession with intent to deliver heroin and in fact did so.

Defendant next argues that the trial court abused its discretion by allowing the prosecutor to impeach defendant with evidence of one prior conviction for attempted carrying a concealed weapon. The prosecutor claims that defendant had three prior felony convictions, two for drug-related offenses, and one for attempted carrying a concealed weapon. After hearing defendant's argument, the court found:

"I am not going to let them use either of the possession, violation of the controlled substance act. It is too close to the crime charged here. The jury may therefore speculate that he did this before so he did it in this case. I won't let them use that, but they can use the attempt CCW conviction."

Defendant now claims that the trial court failed to properly exercise its discretion upon the record as required by MRE 609(a)(2). This subsection of the rule states that the defendant may be impeached with evidence of a prior felony conviction if "the court determines that the probative value

of admitting this evidence on the issue of credibility outweighs its prejudicial effect". The trial court clearly was aware of this rule when it found that defendant could not be impeached with evidence of previous convictions for violations of the controlled substance act. The trial court suppressed evidence of these convictions since it found that the probative value of this evidence did not outweigh its prejudicial effect. Defendant's argument is without merit since the trial court fully complied with MRE 609. While the trial court did not state its findings as suggested in *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), the record shows that the *Crawford* factors would allow defendant to be impeached with evidence of the attempted carrying a concealed weapon conviction. That offense involves concealing a weapon which is in violation of the law and also is a felony punishable by more than one year in prison, MRE 609(a)(1). Defendant concedes that the trial court sufficiently considered the second *Crawford* factor by suppressing evidence of the two convictions for drug-related offenses. While the trial court did not specifically consider the third factor, which is the effect on the decisional process if the accused does not testify out of fear of impeachment by evidence of prior convictions, the defendant testified, so this factor is not applicable. Defendant also argues that the trial court failed to resolve a dispute as to whether one of the drug-related convictions the prosecutor offered was valid. The trial court did not need to resolve this dispute since it decided that in any event evidence of the conviction would have been suppressed. Defendant's argument is without merit.

Defendant finally argues that it was error for the defendant's attorney to stipulate to the results of a chemical analysis and waive the testimony of

a chemist. It is clear on the record that defendant did not contest that the substance admitted in evidence was in fact heroin. Defendant admitted that he purchased heroin. Since defendant admitted that he purchased heroin and possessed it at the time of his arrest, any error allegedly made by stipulating to the admission of evidence that defendant possessed heroin was at most harmless. Defendant's reliance on *People v Springer (On Remand),* 123 Mich App 203; 333 NW2d 224 (1983), is misplaced. On appeal of that case, the Supreme Court found that this Court erred in reversing and remanding for a new trial because there was no reasonable possibility of prejudice resulting from the defendant's waiver of his right to be present during the testimony of a witness. 417 Mich 1060; 335 NW2d 906 (1983). Likewise, in the instant case, defendant has failed to show any prejudice.

Affirmed.