# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SEPTEMBER LEGGETT,

Defendant-Appellant.

UNPUBLISHED
February 27, 2018

No. 335846
Jackson Circuit Court
LC No. 16-004003-FH

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Following a bench trial, defendant appeals as of right her conviction of felonious assault, MCL 750.82(1). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 270 days in county jail and 30 months' probation. Because the evidence was sufficient to support defendant's conviction, we affirm.

Defendant's conviction stems from a physical confrontation between defendant and the victim on January 1, 2016. The victim and her husband owned a rental property, and defendant was staying with one of the tenants but was not herself a tenant. After several disputes with defendant, in an effort to remove defendant from the apartment, the victim sought a nondomestic personal protection order (PPO) and arranged to have a friend serve the PPO on defendant. The victim testified that while she was trying to convince defendant to open the door of the apartment, defendant slammed down a window, trying to catch the victim's fingers and shattering the glass. Defendant then left the apartment and headed toward a party store. The victim followed defendant, yelling curse words at defendant and telling defendant that she needed to take responsibility for the broken window and stay at the apartment until the police arrived. In response, defendant told the victim to get out of her face, stating "I'll kill you, I'll stab you." Defendant punched the victim three times in the face, and the victim responded by hitting defendant a couple of times. Defendant then reached inside her coat and took something out. Once she had the object in her hand, defendant pulled her hand back before moving it forward to strike the victim in the face. Although the victim did not see what defendant was holding, she testified that she suffered a "stab wound."

At trial, defendant testified that the victim was the aggressor. Defendant testified that the victim followed her and pushed her down. According to defendant, there was a "struggle" in which she acted in self-defense in an effort to get away from the victim. But, she denied hitting

-1-

the victim, and she specifically denied hitting the victim in the face. The trial court found defendant guilty of felonious assault. Defendant now appeals as of right.

On appeal, defendant argues that there was not sufficient evidence to support her felonious assault conviction. In particular, defendant maintains that the prosecutor failed to establish that defendant used a dangerous weapon because it is unknown what item cut the victim's face and the object could have been an innocuous item such as a ring on defendant's finger. Additionally, defendant claims that the victim was the aggressor in their confrontation and that the prosecutor failed to present sufficient evidence to disprove defendant's claim of self-defense.

"We review de novo a challenge to the sufficiency of the evidence in a bench trial, viewing the evidence in the light most favorable to the prosecution and determining whether the trial court could have found the essential elements proved beyond a reasonable doubt." *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). "All conflicts in the evidence must be resolved in favor of the prosecution," and "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id.*; see also MCL 2.613(C).

The felonious assault statute, MCL 750.82(1), provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony . . . ." The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Bosca*, 310 Mich App 1, 20; 871 NW2d 307 (2015) (quotation marks and citation omitted). In this case, the only element at issue on appeal is whether defendant used "a dangerous weapon."

A dangerous weapon can be "a weapon designed to be dangerous and capable of causing death or serious injury (e.g., a loaded gun) or (2) any other object capable of causing death or serious injury that the defendant used as a weapon (e.g., a screwdriver used as a knife)." *People v Norris*, 236 Mich App 411, 415; 600 NW2d 658 (1999). In other words, aside from per se dangerous weapons, "a dangerous weapon can also be an instrumentality which, although not designed to be a dangerous weapon, is used as a weapon and, when so employed, is dangerous." *Bosca*, 310 Mich App at 21 (quotation marks and citation omitted). "Whether an object is a dangerous weapon under the circumstances of the case is a question for the factfinder." *Norris*, 236 Mich App at 415. However, body parts, such as a defendant's bare hands, cannot be dangerous weapons. *People v Hutcheson*, 308 Mich App 10, 15; 865 NW2d 44 (2014).

In this case, defendant contends that, without knowing precisely what cut the victim's face, it cannot be concluded that defendant used a dangerous weapon. In this regard, it is true that the victim did not see the object that struck her and she conceded that she merely "assumed" it was a knife. However, the victim also testified that she saw defendant reach into her coat and pull something out. The victim testified that, after pulling something out of her coat, defendant drew her hand back and then struck the victim in the face with the object. The victim was clear

that she was not merely struck with defendant's hand; rather, she was "struck by something." Based on this testimony, the evidence was sufficient to establish that defendant used an instrumentality as a weapon to assault the victim. *Bosca*, 310 Mich App at 21. That this object was dangerous can reasonably be inferred from the nature and severity of the injury inflicted on the victim's face. See *People v Buford*, 69 Mich App 27, 32; 244 NW2d 351 (1976); *People v Kildow*, 19 Mich App 194, 197; 172 NW2d 492 (1969). The victim testified that she suffered a "stab wound." And, after viewing a photograph of the victim's injury, the trial court found that the victim suffered a "puncture wound." Given the nature of the victim's injury, it can reasonably be concluded that the object used by defendant as a stabbing instrument was capable of causing serious injury. See *Norris*, 236 Mich App at 415. Viewing the evidence in a light most favorable to the prosecutor, this evidence was sufficient to support the trial court's conclusion that defendant used a "dangerous weapon."

Insofar as defendant argues that the prosecutor presented insufficient evidence to disprove defendant's claim of self-defense, her claim is also without merit. "Once a defendant raises the issue of self-defense and satisfies the initial burden of producing some evidence from which [the fact-finder] could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution must exclude the possibility of self-defense beyond a reasonable doubt." *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014) (quotation marks and citation omitted). A defendant may use non-deadly force in self-defense without a duty to retreat if (1) the defendant has not, or is not, engaged in the commission of a crime; (2) the defendant is somewhere she has a legal right to be; and (3) the defendant "honestly and reasonably believes that the use of that force is necessary to defend" herself from "the imminent unlawful use of force by another individual." MCL 780.972(2). However, "a defendant does not act in justifiable self-defense when he or she uses excessive force or when the defendant is the initial aggressor." *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

In this case, defendant testified that the victim was the aggressor, i.e., that the victim followed defendant and pushed defendant to the ground while defendant was simply trying to get away from the victim. However, the prosecutor presented sufficient evidence to disprove defendant's claim of self-defense beyond a reasonable doubt. Specifically, according to the victim's testimony, defendant threatened to stab her, defendant initiated the physical confrontation by punching the victim in the face three times, and defendant then withdrew an object from her coat which she used to strike the victim in the face, causing a puncture wound. To the extent there were conflicts between the victim's testimony and defendant's testimony, questions of witness credibility were for the trial court, and we will not interfere with the trial court's credibility determinations. *Stevens*, 306 Mich App at 630; *Kanaan*, 278 Mich App at 619. Moreover, while the victim admitted that she followed defendant to the party store and swore at defendant, the victim's use of offensive language would not legally justify defendant's decision to punch the victim repeatedly. In other words, even if the victim engaged in a verbal altercation with defendant, it was defendant who acted as the aggressor when she initiated the violence. See generally *People v Townes*, 391 Mich 578, 592; 218 NW2d 136 (1974); *People v Van Horn*, 64 Mich App 112, 115; 235 NW2d 80 (1975). Thus, to the extent the victim punched defendant in response to defendant's punches, because defendant was the initial aggressor, defendant could not claim self-defense when she stabbed the victim in the face. *Guajardo*, 300 Mich App at 35. Indeed, given the nature of the altercation as described by the victim, it can reasonably be concluded that defendant acted with excessive force when she stabbed the victim

in the course of, at most, a fistfight. In these circumstances, defendant's claim of self-defense fails. See *id.* Overall, viewing the evidence in a light most favorable to the prosecutor, a reasonable fact-finder could conclude beyond a reasonable doubt that defendant did not act in self-defense.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering